IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DELMAR WALTON,**

        **Petitioner,**

**v.**                                               **Civil Action No. 5:14cv145**
                                                    **Criminal Action No. 5:94cr66**
                                                      **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. Procedural History

On October 31, 2014, the *pro se* petitioner, Delmar Walton ("Walton"), an inmate incarcerated at FCI Beckley in Beaver, West Virginia, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

This matter is pending before me for initial review and report and recommendation pursuant to LR PL P 2. Because the undersigned finds that a response from the Government is not necessary to address Petitioner's motion, this Report and Recommendation is being issued without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss Petitioner's motion.

### II. Facts

#### A. Conviction

On May 24, 1994, the petitioner was indicted by the Grand Jury in a six-count indictment related to the death of an informant. After a jury trial, petitioner was found guilty of Counts 2, 3, 4, and 5, including the death of a witness and informant; interstate travel in aid of racketeering;

conspiracy to commit offenses against the United States of America; conspiracy; and tampering with a witness.

B. <u>Sentencing</u>

On May 24, 1995, petitioner was sentenced to life imprisonment on Counts 2 and 5, to run concurrently; 60 months imprisonment for Counts 3 and 4, to run concurrently with each other and with the sentences on Counts 2 and 5.

C. <u>Appeal</u>

The petitioner timely appealed. On June 4, 1996, by unpublished *per curiam* opinion, the Fourth Circuit Court of Appeal affirmed in part the District Court's judgment, reversing the conviction on Count 5 because of multiplicity.[1] Pursuant to the Fourth Circuit Court of Appeal's remand, petitioner was resentenced on July 17, 1997.[2] Petitioner filed a motion for rehearing in the Fourth Circuit and a motion for suggestion for rehearing *en banc;* both were denied on July 1, 1996. Petitioner then filed a petition for writ of *certiorari* with the United States Supreme Court; it was denied on October 15, 1996.

D. <u>Federal Habeas Corpus</u>

    1) <u>First §2255 Motion</u>

Petitioner filed his first Motion to Vacate, Set Aside or Correct Sentence by a person in Federal Custody Under 28 U.S.C. §2255 on September 24, 1997.[3] The motion was denied on February 22, 1999.[4] Petitioner appealed the denial of his §2255 motion to the Fourth Circuit

---

[1] (4th Cir. Dkt.# 61)(95-5467).

[2] A search of the BOP's online inmate locator indicates that petitioner is 65 years old and is serving a life sentence.

[3] Civil Action No. 5:97cv135.

[4] Dkt.# 143.

Court of Appeals. On August 25, 1999, by unpublished *per curiam* opinion, the Fourth Circuit denied a certificate of appealability and dismissed the appeal.[5] Petitioner filed several motions for rehearing and/or rehearing *en banc;* all were denied.

### 2) Second §2255 Motion

Petitioner filed his second Motion to Vacate, Set Aside or Correct Sentence by a person in Federal Custody Under 28 U.S.C. §2255 or in the Alternative, (motion for relief pursuant to) Fed.R.Civ.P. 60(b) on May 11, 2000.[6] After a July 26, 2000 Report and Recommendation was entered, recommending dismissal of the §2255 motion as second and successive, petitioner filed a Motion to Amend his §2255, raising several new claims. By Order entered January 17, 2002, the Motion to Amend was denied as yet another second and successive petitioner that had not been certified by the Fourth Circuit Court of Appeals. By Order entered October 23, 2002, the original §2255 motion was denied because petitioned had not received authorization from the Fourth Circuit to file a second or successive §2255 motion, and the Rule 60(b) motion was denied as both untimely and without merit.[7]

### 3) Third or Fourth and Instant §2255 Motion[8]

On October 31, 2014, petitioner filed his third (or fourth) Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. §2255. In his motion and the 29-page memorandum in support, filed without a motion for leave to file excess pages, petitioner

---

[5] (4th Cir. Dkt.# 18 and 19)(99-6521).

[6] Civil Action No.

[7] Dkt.# 165.

[8] Petitioner contends that he attempted to file an earlier version of his §2255 motion by mailing it to the Court on January 27, 2012. However, the court has no record of ever receiving it; ultimately, the Clerk directed him to re-mail it. See Dkt.# 178. See also Dkt.# 173, 174, 175 and 177.

3

argues that his convictions for 18 U.S.C. §§1512(a)(1)(C); 1512(a)(2)(A); 241; 1512(b) "and etc." were made in error, in light of Fowler v. United States,[9] because the government did not meet its burden of actual proof, nor evidence." Alternatively, he suggests that the court construe his motion as a Fed.R.Civ.P. 60(b) motion.

As to the timeliness of his motion, petitioner's memorandum in support contends that his motion is timely under §2255(f)(3), based on the Fowler decision.

As relief, he requests that the court "[v]acate the conviction and sentence [sic][.]"

### III. Analysis

**A. Timeliness**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.[10]

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[11] or

---

[9] Fowler v. United States, 131 S.Ct. 2045 (2011)(abrogating 4th Circuit precedent on which the jury instruction for witness tampering as defined in 18 U.S.C. §1512(a) was based).

[10] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

[11] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

4

> 4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

The undersigned recognizes that pursuant to <u>United States v. Sosa</u>, 364 F.3d 507 (4th Cir. 2004) and <u>Hill v. Braxton</u>, 277 F.3d 701, 707 (4th Cir. 2002) notice must be given to the petitioner that the Court intends to dismiss the motion as being untimely unless the petitioner can demonstrate that the motion is timely. However, "<u>Hill</u> leaves open the possibility that district courts could dispense with notice if it is 'indisputably clear' that the motion is untimely and cannot be salvaged through tolling." <u>Sosa</u>, *supra* at 511. Here, because the only ground raised by the petitioner in support of his motion to vacate, set aside, or correct his sentence, is clearly without merit, the undersigned has proceeded to consider whether the motion is timely without providing the petitioner the opportunity to further argue the timeliness of his petition.

In the instant case, the §2255 motion is clearly untimely under subsection 1. When a prisoner does not file a petition for writ of *certiorari* with the United States Supreme Court, the judgment of conviction becomes final when the time for seeking such review expires. <u>Clay v. United States,</u> 537 U.S. 522 (2003). Petitioner petitioned the United States Supreme Court for a writ of *certiorari* after the Fourth Circuit denied his appeal. *Certiorari* was denied on October 15, 1996. Thus, his conviction became final on October 15, 1996, and under AEDPA, he had until October 15, 1997, to timely file a §2255 motion. The petitioner did not file this petition until October 31, 2014, after the statute of limitations had long since expired. Thus, the petitioner's §2255 motion is untimely under subsection 1. Because the petitioner does not allege

the Government created an impediment to his filing a timely §2255 motion or that his motion is based on new facts, subsections 2 and 4 are not applicable to this case.

Petitioner contends that his motion is timely under §2255(f)(3), in light of the Supreme Court's decision in Fowler. The Court finds otherwise. While it is true that the Fowler decision creates a newly recognized right, cognizable on a §2255 motion,[12] even so, Fowler was decided on May 26, 2011. Hence, the one year statute of limitations for petitioner to have timely raised a Fowler claim would have been on or before May 26, 2012. Petitioner did not file the instant §2255 motion until October 31, 2014, two years, five months and 5 days after the Supreme Court's Fowler decision. While petitioner contends he attempted to send an earlier version of his §2255 motion raising the Fowler claim back on January 27, 2012, there is nothing in the record to support that claim, other than the paper trail petitioner himself created in the docket, beginning on September 14, 2014,[13] writing to the court for the first time, to inquire about a §2255 motion supposedly filed two years, seven months and nearly three weeks earlier. The undersigned finds that petitioner's contentions as to having attempted to timely bring a Fowler claim in January, 2012 are self-serving and lack merit. Accordingly, petitioner's Fowler claim is untimely.

**B. Second and Successive §2255 Motions Prohibited**

Section 2255 provides as follows regarding a second or successive motion:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

---

[12] See United States v. Smith, 723 F.3d 510, 515 (2013)("[W]e agree that the Fowler right has been "newly recognized" by the Supreme Court and that it is retroactively applicable to cases on collateral review.")

[13] The letter was received by the court and docketed on September 22, 2014. Dkt.# 172.

evidence that no reasonable factfinder would have found the movant guilty of the offense; or

   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. <u>Harvey v. Horan</u>, 278 F.3d 370 (4th Cir. 2002). The petitioner's first §2255 motion was considered and dismissed on the merits. Accordingly, the undersigned finds petitioner's current §2255 motion is a successive motion.

The petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file his successive §2255 motion in this Court.[14] Therefore, pursuant to 28 U.S.C. §2244 and 28 U.S.C. §2255, the Court has no jurisdiction over this matter and must dismiss the motion for lack of jurisdiction.

Consequently, the undersigned also recommends that petitioner's §2255 motion be denied with prejudice for lack of jurisdiction.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the Court enter an Order **DENYING with prejudice** petitioner's motion and dismissing the case from the docket.

Within **fourteen (14) days** after being served with a copy of this Recommendation with the Clerk of the Court, **or by April 9, 2015**, any party may file written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objection should also be submitted to the United States District Judge. **Failure**

---

[14] It is apparent from a search of PACER that despite having had at least two previous §2255 motions dismissed for lack of jurisdiction, petitioner has never filed a §2244 motion in the Fourth Circuit Court of Appeals, seeking authorization to file this or any of his other successive §2255 motions.

**to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: March 26, 2015

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE